NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEBRA PERKINS,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2024-1683

---

Petition for review of the Merit Systems Protection Board in No. NY-0353-18-0147-C-2.

---

Decided: November 5, 2024

---

DEBRA PERKINS, Garner, NC, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, DYK and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

Debra Perkins, proceeding pro se, petitions for review of a final decision of the Merit Systems Protection Board ("Board") which denied Ms. Perkins' petition for enforcement of a settlement agreement. We *affirm*.

## BACKGROUND

Ms. Perkins was a mail handler with the United States Postal Service ("Postal Service") in Brooklyn, New York, until the Postal Service terminated the position, and she was not reemployed. Ms. Perkins appealed to the Board on June 19, 2018, alleging that "the [Postal Service] denied her restoration when it discontinued her limited duty position." S.A. 9.[1] On October 17, 2018, before her scheduled hearing, Ms. Perkins and the Postal Service entered into a settlement agreement. The settlement agreement required that Ms. Perkins withdraw her appeal in exchange for a lump sum payment of $10,000. It is undisputed that Ms. Perkins received the lump sum. The agreement also stated that it was designed "to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised, arising out of the [a]ppellant's employment with the Postal Service." S.A. 39.

However, the settlement agreement expressly excluded certain claims from the settlement, including two injury compensation matters: "(1) the Notice of Recurrence, dated June 4, 2018, which [the] [a]ppellant filed with the Department of Labor Office of Workers' Compensation Programs ["OWCP"] and (2) the Limited Duty Job Offer,

---

[1]    "S.A." refers to the supplemental appendix attached to Respondent's Informal Brief.

dated September 24, 2018." S.A. 40–41.[2] Finally, the agreement provided that the written document "constitutes the full and complete agreement between the [p]arties and fully supersedes any and all prior agreements or understandings between the [p]arties pertaining to the subject matter hereof." *Id.* at 41. On October 22, 2018, the Board issued an initial decision dismissing Ms. Perkins' appeal pursuant to the terms of the settlement agreement. On November 24, 2018, the dismissal became final.

On December 22, 2018, Ms. Perkins petitioned the Board, this time alleging that the Postal Service had breached the terms of the parties' settlement agreement by contacting the OWCP about her pending case. The Board construed Ms. Perkins' complaint to have alleged "that the agency's injury compensation office did not have the right to speak to [the] OWCP about her pending case." S.A. 11. The Board found that there was no provision in the settlement agreement that would preclude the agency from contacting the OWCP and that the agreement expressly stated that "neither parties' rights concerning the [OWCP claim] would [] be affected in any way." *Id.* The Board concluded that Ms. Perkins had "failed to prove that the agency breached the settlement agreement." *Id.*

This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

---

[2] The settlement also excluded "the McConnell class action," providing that the rights of both parties were in no way affected by the settlement agreement. *Id.* at 41. This reference is unclear, but it does not appear to be relevant to this appeal.

procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The construction of a settlement agreement "is a question of law which this court reviews *de novo*." *Conant v. Off. of Pers. Mgmt.*, 255 F.3d. 1371, 1376 (Fed. Cir. 2001). "In order to prevail, [the appellant] must show material non-compliance by the agency with the terms of the settlement agreement." *Lutz v. U.S. Postal Serv.*, 485 F.3d 1377, 1381 (Fed. Cir. 2007). When interpreting a settlement agreement, "[w]e begin our review with an interpretation of the express terms and plain meaning of the settlement agreement." *Lanclos v. United States*, 40 F.4th 1352, 1355 (Fed. Cir. 2022).

On petition for review, Ms. Perkins alleged that the Postal Service breached the agreement by communicating with the OWCP, thus delaying her workers' compensation claim.

The Postal Service did not breach the settlement agreement. The agreement expressly excludes "two injury compensation matters" and "accordingly[,] the rights of [a]ppellant and of the [a]gency are in no way affected by the settlement agreement." S.A. 40–41. The agreement cannot be read to bar the Postal Service from contacting the OWCP regarding Ms. Perkins' outstanding claim since that claim was expressly excluded from the settlement agreement.

Ms. Perkins also alleged for the first time in her reply brief that "not receiving a tax-free settlement . . . is a breach of the settlement agreement." Appellant's Inf. Reply Br. 3. She complained that, on January 25, 2021, the IRS issued Ms. Perkins a Notice of Deficiency showing a $10,000 difference in her reported income and stating that she owed $1,200 in taxes on that difference.

The settlement agreement unambiguously stated that "[a]ppellant and her representative understand and agree that the question of tax liability is a matter to be resolved solely between [the] [a]ppellant and the IRS." S.A. 40. Ms. Perkins alleged that, before the settlement agreement was executed, there were conversations in which the government represented that the $10,000 payment would be tax-free, and that the government had an obligation to abide by this oral agreement despite the express terms of the agreement. The settlement explains that the agreement "constitutes the full and complete agreement between the [p]arties and fully supersedes any and all prior agreements or understandings." S.A. 41. We cannot rewrite the agreement to include provisions not set forth in the written instrument. *See Tiburzi v. Dep't of Just.*, 269 F.3d 1346, 1354 (Fed. Cir. 2001) ("[A]n integration clause by definition disposes of prior 'oral agreements[] . . . .'").

Because the Postal Service was free to contact the OWCP and the agreement did not provide that Ms. Perkins would receive the settlement amount free of tax liability, the Board properly concluded that the Postal Service did not breach the settlement agreement.

**AFFIRMED**

COSTS

No costs.